Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 6237 | DATE | 11/17/2004 |
| CASE TITLE | US ex rel. Marcus Hunter vs. Shelton Frey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Hunter's motion (Doc 60-1) for appointment of counsel and his § 2254 petition are denied. This is a final order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 1 8 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 67 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | NOV 1 8 2004 date mailed notice | |
| | SCT courtroom deputy's initials | 2004 NOV 17 PM 2:23 U.S. DISTRICT COURT | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. MARCUS HUNTER, )
)
Plaintiff, )
)
vs. ) 98 C 6237
)
SHELTON FREY, )
)
Defendant. )

## MEMORANDUM OPINION

DOCKETED
NOV 1 8 2004

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a petition for habeas corpus by Marcus[1] Hunter, filed pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## BACKGROUND

According to evidence adduced at trial, Hunter was one of five men involved in an armed robbery in a South Side Chicago nightclub in December 1984. Three main witnesses testified regarding Hunter's involvement. The first, Wade Curry, recalled seeing Hunter point a gun at the head of a woman who worked at the club. Keeping

---

[1] Although the petition lists Hunter's first name as Markus, other papers filed by both parties and the opinions and orders of the state courts refer to him as Marcus Hunter. For the sake of consistency, we use the latter spelling.

Curry and the woman at gunpoint, Hunter took them into the basement of the club. He then left them there with two of his compatriots, William Glover and Marvin Bryant, while he went back upstairs in search of Eddie Morris, the club's owner. After Hunter departed, Glover took money and jewelry from Curry and another man who was in the basement. Curry's version of the events in the basement was corroborated by three other witnesses, one of whom was shot during the exchange.

Rosalind Morris, the woman whom Curry saw, is the wife of Eddie Morris. She testified that Hunter took cash and jewelry from the couple's bedroom while holding them at gunpoint. Eddie's testimony about the events of that night was substantially the same as Rosalind's. Police later recovered a gun that witnesses identified as the one Hunter held.

A jury convicted Hunter of armed robbery, home invasion, and aggravated battery on September 10, 1985. Because of several prior convictions for armed robbery, he was sentenced to natural life imprisonment and a concurrent term of 10 years. He appealed his sentence (though not his conviction) on constitutional grounds, but the Illinois Court of Appeals rejected his challenge and affirmed his sentence. People v. Glover, 527 N.E.2d 968, 971–73 (Ill. App. Ct. 1988). Thereafter, he petitioned the Illinois Supreme Court for leave to appeal the question of whether his sentence violated the Illinois and United States Constitutions. In his petition, Hunter

argued that he was not subject to the enhanced sentences mandated by the Illinois recidivist statute, 720 ILCS 5/33B-1, because he had pled guilty to his prior felony offenses rather than having his case tried to a jury. Hunter also claimed that the robbery at the club should not be considered a violent act because he had not shot anyone. The petition was denied. People v. Glover, 535 N.E.2d 405 (Ill. 1988).

Hunter then filed three postconviction petitions. The first, filed March 21, 1989, alleged that postconviction relief was appropriate for three reasons. First, Hunter claimed that Eddie Morris told Hunter's initially appointed counsel that Hunter was not involved in the robbery. Next, Hunter asserted that his second appointed attorney did not meet with him prior to trial, and thereafter rendered ineffective assistance at trial because he did not cross-examine Morris on the statement allegedly made to Hunter's former attorney and did not argue the effect of an inconsistent identification by one of the testifying witnesses. Lastly, Hunter claimed that his appellate counsel was ineffective because he argued only the constitutionality of Hunter's sentence, rather than addressing multiple issues that Hunter wished to bring before the court of appeals.

On August 22, 1991, Hunter filed an amendment to his 1989 filing, bringing additional grounds for relief. Specifically, he claimed that his attorney did not contact or interview any of the witnesses Hunter identified in his favor, did not call any witnesses at trial on Hunter's behalf, and did not confer with Hunter prior to trial. He

again asserted that his appellate counsel did not address issues that he wanted brought before the appellate court. Neither petition was ruled upon.

Almost five years later, Hunter filed another postconviction petition, which was ultimately treated as an amendment of the 1991 petition. In this petition, Hunter averred that his trial counsel was ineffective for failing to interview certain witnesses and to inform him that those witnesses would not testify at trial, for ineffectively cross-examining a witness, for failing to object to an allegedly prejudicial comment by another defense attorney, for concealing evidence, and for failing to request a jury instruction. In addition, Hunter claimed that his conviction was invalid because he believed the state had used perjured testimony and withheld evidence, that the evidence presented was not sufficient to prove guilt beyond a reasonable doubt, and that the court had abused its discretion in rendering certain evidentiary rulings and giving particular jury instructions. Lastly, Hunter averred that postconviction relief was warranted because the clerk of the circuit court did not keep records that would allow Hunter to investigate whether the courts were applying criminal law uniformly.

In October 1998, before the state court had ruled on his second postconviction petition, Hunter filed his first federal petition for a writ of habeas corpus. After a year of proceedings in this court and the Seventh Circuit, Hunter failed to respond to a

motion to dismiss the petition on the ground that he had not exhausted his state court remedies. As a result, the motion was granted without prejudice.

Meanwhile, in the state case, the prosecution moved to dismiss the postconviction petition.[2] After conducting an evidentiary hearing on Hunter's claims, the court granted the motion. Hunter appealed, but before his appeal could be decided, he filed a third petition for postconviction relief. The last petition was denied in July 2001, and the subsequent appeal was consolidated with that of the second petition. In a 34-page opinion, the appellate court affirmed the denial of postconviction relief, and the Illinois Supreme Court denied Hunter's petition for leave to appeal that decision in March 2004. People v. Hunter, 809 N.E.2d 1289 (Ill. 2004).

Shortly thereafter, Hunter[3] successfully reinstated his federal petition and moved for appointment of counsel. Respondent Shelton Frey ("Warden Frey"),[4] warden of the Tamms Correctional Center where Hunter is incarcerated, has answered the petition,

---

[2] The record does not specify when this took place, but it appears to have been after the motion to dismiss the federal petition was filed.

[3] Inexplicably, Hunter's amended petition attempts to add claims for one of his codefendants, Marvin Bryant. Because the leave to amend applied only to Hunter's claims, and because the timing issues that allowed the late filing do not appear to extend to Bryant's situation, we ignore the portions of the petition that pertain to Bryant.

[4] The original respondent, George Welborn, is no longer the warden of Tamms Correctional Center.

and the time is finally ripe for us to consider whether Hunter is entitled to relief under 28 U.S.C. § 2254.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA further dictates that a prisoner in state custody cannot be granted habeas relief "unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Schaff v. Snyder, 190 F.3d 513, 521 (7th Cir. 1999) (quoting 28 U.S.C. §§ 2254(d)(1), (2)). For a state court decision to be "contrary to" clearly established federal law, it must be "substantially different" from relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519 (2000). This situation arises if the state court either applies a rule that contradicts the governing law as set forth by the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and still arrives at a different result. Id. at 405-06. A state court decision involves an "unreasonable application" of

clearly established Supreme Court law when it uses the correct legal rule but applies it in an objectively unreasonable manner. Id. at 409-10. An objectively unreasonable decision is one that lies "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002).

Under 28 U.S.C. § 2254(d)'s "highly deferential standard for evaluating state court rulings," in deciding habeas petitions, we must give state court decisions "the benefit of the doubt." Woodford v. Viscotti, 537 U.S. 19, 24, 123 S. Ct. 357, 360 (2002) (citation omitted). In doing so, "issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence." Lechner v. Frank, 341 F.3d 635, 638 (7th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). With these considerations in mind, we turn to Hunter's petition.

## DISCUSSION

### 1. Procedurally Defaulted Claims

Generally, a state prisoner must exhaust available state remedies before seeking habeas review of a conviction. The Supreme Court has held that this requirement is satisfied when a prisoner invokes one complete round of the established appellate review process by directly appealing claimed errors at trial to highest possible level of the state appellate process. See O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999). The same rule applies in the context of postconviction

proceedings. See White v. Godinez, 192 F.3d 607, 608 (7th Cir. 1999). Issues that are not carried through an entire round of appellate review are procedurally defaulted and cannot be reviewed in a federal habeas proceeding. See Boerckel, 526 U.S. at 848, 119 S. Ct. at 1734.

Each of Hunter's petitions for leave to appeal filed with the Illinois Supreme Court contained one issue each: the constitutionality of the Illinois recidivist statute in his petition for leave to appeal during direct review, and the effectiveness of his postconviction counsel in his petition for leave to appeal during collateral review. Though his § 2254 petition resurrects many of the issues he abandoned in his petitions to the state's highest court, his failure to present any but these two in his petitions to the Supreme Court results in procedural default, precluding our consideration of the merits of the additional points in this setting.

Even when an issue is procedurally defaulted, a prisoner can still obtain review of the merits of that issue if one of two exceptions are shown. First, the defaulted issue will not be barred if the prisoner can demonstrate cause for the default and prejudice resulting from the application of the doctrine. See, e.g., Coleman v. Thompson, 501 U.S. 722, 753, 111 S. Ct. 2546, 2566 (1991); United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596 (1982) Second, the bar will not attach where the prisoner can show that it would result in a fundamental miscarriage of justice, manifesting itself

in the continued incarceration of a party who is actually innocent of the crimes leading to the conviction. See Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). Hunter has not established the existence of either of these exceptions to the general rule, so the procedural default applicable to his earlier abandoned claims remains.

**2. Non-defaulted Claims**

*a. Constitutionality of 720 ILCS 5/33B-1*

As described above, Hunter petitioned the Illinois Supreme Court for leave to appeal the question of the constitutionality of his life sentence after the appellate court affirmed it pursuant to the mandates of 720 ILCS 5/33B-1. According to Hunter's § 2254 petition, his sentence did not comport with law. Although that contention sweeps more within its purview than simply the constitutionality of the underlying statute, because the only portion of the claim that Hunter has fairly presented to the highest state court deals with whether the statute as applied to him runs afoul of the Illinois or United States Constitution, we confine our consideration to those particular areas.

For purposes of our review, Hunter's challenge distills to whether the decision that his mandatory life sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishment was contrary to or involved an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In reaching its

conclusion that Hunter's sentence was allowable under the amendment, the Illinois court relied on the case of <u>Rummel v. Estelle</u>, wherein the Court considered a Texas recidivist statute much like Illinois', and concluded that the application of the statute's provisions to a person with a demonstrated record of violent crime within a short period of time was not cruel and unusual punishment. 445 U.S. 263, 285, 100 S. Ct. 1133, 1145 (1980). The court applied the reasoning of <u>Rummel</u> to the specifics of Hunter's situation, namely conviction for five other armed robberies in a relatively short period of time. <u>Glover</u>, 527 N.E.2d at 972; <u>see also</u> <u>U.S. v. Washington</u>, 109 F.3d 335, 337-38 (7th Cir. 1997). The decision of the state appellate court was substantially the same as the applicable Supreme Court precedent, not showing the disconnect necessary to support a conclusion that the state court outcome was contrary to established federal law. <u>See</u> <u>Williams</u>, 529 U.S. at 405, 120 S. Ct. at 1519. That decision was a reasonable application of established Supreme Court precedent applicable at the time and still in force. <u>See id.</u> at 409-10. Consequently, this argument does not provide a basis to upset the decision of the state court.

*b. Ineffective Assistance of Postconviction Counsel*

The only other possible issue left for our consideration is the sole issue he presented in his petition for leave to appeal the denial of his postconviction petitions: the effectiveness of his postconviction counsel. By statute, that is not a ground for

relief under § 2254, and his inclusion of it in the petition before us does not offer a basis on which to award the remedy he seeks. 28 U.S.C. § 2254(i); Johnson v. McBride, 381 F.3d 587, 590 (7th Cir. 2004) (noting that "neither the sixth amendment nor federal law guarantees effective assistance of counsel for collateral proceedings."). Thus, neither of the non-defaulted grounds presented in Hunter's petition warrants issuance of a writ of habeas corpus.

Finally, we note that Hunter moved for appointment of counsel in conjunction with his petition. However, the issues presented in the petition were not such that Hunter could not adequately present them to this court; counsel's assistance would be of marginal value. Accordingly, the motion for appointment of counsel is denied.

## CONCLUSION

Based on the foregoing analysis, Hunter's motion for appointment of counsel and his § 2254 petition are denied.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: NOV 17 2004

-11-